UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO.   CR-04-0181-WFN-1 |
| Plaintiff, ) | |
| -vs- ) | ORDER |
| NICHOLAS PETER MITOLA, ) | |
| Defendant. ) | |

Pending before the Court is Movant's Amended 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, presented by Mr. Mitola *pro se*; Assistant United States Attorney Joseph Harrington represents the Government. The Court has reviewed the file and the motion and is fully informed. For the reasons stated below, the Motion is denied.

## I. BACKGROUND

On September 15, 2004, Mr. Mitola was indicted for violation of 18 U.S.C. §§ 922 (g) and 924(e), i.e. being a felon in possession of a firearm and ammunition. The Indictment alleged that Mr. Mitola possessed a Smith and Wesson, .44 magnum revolver and four rounds of ammunition. During a jury trial, Mr. Mitola's counsel, Terence Ryan, presented an entrapment defense. A jury found Mr. Mitola guilty as charged. On February 22, 2006, he was sentenced to 180 months imprisonment and 5 years supervised release based on the Court's finding that Mr. Mitola qualified as an Armed Career Criminal. Mr. Mitola appealed arguing that the Government did not meet its burden for the entrapment defense and that the "Government was allowed to ask improper and irrelevant questions depriving him

ORDER - 1

of a fair trial." *Slip Opinion*. Though the court found that questions regarding Mr. Mitola's "game face" and use of profanity were inappropriate, the court concluded that the Court's failure to bar the questions was harmless. *Slip Opinion*. The Ninth Circuit affirmed the District Court.

## II. ANALYSIS

"To earn the right to a hearing . . . [Movant] [is] required to allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir 1998), quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir 1996). If an evidentiary hearing is not required, the Court "shall make such disposition of the motion as justice dictates." Rule 8, RULES SECTION 2255 PROCEEDINGS (West 2006). Since Mr. Mitola's complaints largely stem from events that occurred during trial, the record is complete and an evidentiary hearing is unnecessary.

To gain relief, Movant must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Mitola established that he satisfies the first two prongs.

Mr. Mitola argues that his conviction was unconstitutional, thus satisfying the third prong, on several grounds. First, he alleges that his counsel failed to provide effective assistance of counsel. He raises 15 issues, but generally, he complains that his counsel failed to investigate and perform appropriate interviews, tried the case incorrectly, and failed to argue mitigating factors during sentencing. Second, Mr. Mitola argues prosecutorial misconduct because the Government allegedly allowed its witnesses to perjure themselves and failed to turn over Brady materials. As explained below, the Court concludes that Mr. Ryan's performance was not constitutionally deficient and the remaining claims are procedurally defaulted.

ORDER - 2

**A. Ineffective Assistance of Counsel**

In order to prevail on his ineffective assistance claims, Mr. Mitola must prove that counsel's performance was deficient and that he was prejudiced by this deficient performance. *U.S. v. Strickland,* 466 U.S. 668, 687 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689." A lawyer who fails adequately to investigate and introduce into evidence records that demonstrate his client's factual innocence, or that raise sufficient doubts as to that question to undermine confidence in the verdict, renders deficient performance." *Hart v. Gomez,* 174 F.3d 1067, 1090 (9th Cir. 1999). However, "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland,* 490 U.S. at 690-91. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689 (internal citations omitted). In order to show prejudice, Mr. Mitola must show that but for counsel's errors the results of the proceeding would have been different. *Id.* at 694.

Mr. Mitola raises 15 distinct issues which fall into three broad categories: (1) defense counsel performed inadequate investigation and review of discovery; (2) defense counsel tried the case ineffectively; (3) defense counsel provided inadequate representation in the sentencing phase.

Mr. Mitola raises several overlapping issues regarding defense counsel's investigation and review of discovery; these are: (1) defense counsel failed to investigate and perform appropriate interviews; (2) defense counsel did not determine all other investigations that Perry Adrienne worked for the F.B.I. to show his entrapment plans, did not conduct

1  a background investigation, pretrial interview and develop formal impeachment questions
2  for Perry Adrienne; (3) defense counsel failed to conduct an interview, background
3  investigation and develop formal impeachment questions for Anthony Moss, Mary Moss,
4  and Special Agent Leland McEwen; (4) counsel did not review the body wire recordings,
5  CD roms or 302 interview recordings before trial; and (5) counsel failed to subpoena
6  Perry Adrienne's cell phone records, V.A. records and military records and Mr. Mitola's cell
7  phone records.

8   Despite Mr. Mitola's assertions, defense counsel did conduct an investigation of the
9  Government's witnesses. A defense investigator aided defense counsel's investigation.
10 Defense counsel could not force the Government's witnesses to submit to an interview, so
11 any failure to interview Government witnesses does not stem from defense counsel's
12 unwillingness to do so. Moreover, the defense investigator interviewed both Mr. Adrienne
13 and Mr. Moss. The fruits of the investigation were evident during defense counsel's in depth
14 cross-examinations of the Government's witnesses.

15  If Mr. Mitola intends to argue that the investigation was inadequate, he failed to show
16 prejudice. Though he alleges that Mr. Adrienne, Mr. Moss, and Mrs. Moss provided perjured
17 testimony, he provides no support for this contention. Consequently, there is no basis for the
18 Court to determine that further investigation would have led to uncovering of any alleged
19 perjury. Therefore, he did not provide evidence that further investigation would have led to
20 a different verdict.

21  Contrary to Mr. Mitola's allegations in this Motion, he admitted to reviewing the tapes
22 and transcripts which were provided as discovery. In his sworn testimony, Mr. Mitola
23 indicates that he had reviewed the FBI reports, listened to the tapes, and read the transcripts.
24 Transcript page 64, see Ct. Rec. 144-7.

25  Regarding the subpoenas, defense counsel did issues subpoenas requesting the
26 information that Mr. Mitola desired. The records were apparently unavailable and were not

ORDER - 4

produced as requested. Defense counsel made a strategic trial decision to go ahead with the trial rather than delaying further to wait for records that may not have even existed.

Trial counsel competently tried the case and provided effective assistance of counsel during trial. Mr. Mitola complains that Mr. Ryan (1) failed to object to the AUSA's improper conduct; (2) failed to keep prejudicial information from the jury by failing to object to evidence; (3) failed to properly cross-examine, call defense witnesses or present mitigating evidence; (4) failed to present case in manner dictated by Mr. Mitola; (5) failed to retain an "entrapment expert"; (6) discussed Mr. Mitola's previous convictions when he took the stand and (7) failed to call United States Probation Officer Barrett to testify. The record on these matters are complete since each of these complaints stem from actions taken (or not taken) during trial. Regarding Mr. Mitola's first complaint, the Court recognizes that some of the AUSA's behavior was inappropriate, but agrees with the Ninth circuit that the Mr. Ryan's failure to object was harmless.

Generally, the Court found Mr. Ryan's defense rigorous and thorough based on the sound trial choice to argue entrapment. The other decisions that Mr. Mitola takes issue with fall under the broad discretion of his defense attorney's strategic decisions. Mr. Mitola fails to overcome the presumption that Mr. Ryan's choices during the trial were based on sound trial strategy.

Lastly, Mr. Mitola argues that defense counsel's performance was inadequate related to sentencing issues. Specifically, Mr Mitola contends that trial counsel failed to prepare a sentencing memorandum setting forth mitigating factors that would support leniency sentencing and that defense counsel "failed to investigate PSI and prior 1986 conviction in federal court of mitigating circumstance which enhanced the ACCA." Regarding Mr. Mitola's first complaint, he is mistaken. Defense counsel filed a Motion for Downward Departure (Ct. Rec. 98) which outlined many reasons supporting a below guideline sentence. As for Mr. Mitola's second complaint, defense counsel also filed several objections to the

ORDER - 5

presentence report. The objections clearly illustrate that defense counsel reviewed the presentence report and challenged certain facts contained within it. The Court notes that the fact of a previous conviction is sufficient to trigger the ACCA and mitigating circumstances surrounding a previous conviction would not disqualify a defendant from meeting the standards for the ACCA.

In the event that the Court is mistaken and any of Mr. Mitola's complaints have any merit, he still fails to show prejudice. Mr. Mitola makes no showing that remedying any one of the complaints lodged would have resulted in a different result.

## B. Procedural Default

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal citations omitted). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted). Regarding the issues that are not direct complaints regarding his counsel's performance, Mr. Mitola offers only ineffective assistance to excuse his failure to raise those issues on direct appeal. Thus, since the Mr. Ryan's assistance was not ineffective, remaining issues are procedurally defaulted.

Mr. Mitola's claims cannot meet the standard under a §2255 Motion even assuming all facts alleged by Movant to be true. Thus, Movant's Motion must be denied.

## III. CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2006). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion that the Movant has failed to make a substantial showing of a denial of a constitutional right. Thus a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that Movant's Amended Motion to Vacate Judgment and Sentence Pursuant to 28 U.S.C. § 2255, filed June 23, 2008, **Ct. Rec. 136**, is **DENIED WITH PREJUDICE**.

The District Court Executive is directed to:

- File this Order and provide copies to counsel;
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; and
- **CLOSE** the corresponding civil file, **CV-08-111-WFN**.

**DATED** this 7th day of May, 2009.

5-05

                s/ Wm. Fremming Nielsen
               WM. FREMMING NIELSEN
      SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7